IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: **50 2011 CA 0 0 4 1 5 7 XXXX WB**

THERESA BROWN, as
Personal Representative of the
Estate of JOHNNY BROWN, Deceased

Plaintiff,

v.

PRATT & WHITNEY, a Division of
United Technologies Corporation, a
Foreign Corporation,

  Defendant.

_____/



## COMPLAINT

  COMES NOW, the Plaintiff, THERESA BROWN, Personal Representative of the Estate of JOHNNY BROWN, Deceased, by and through her undersigned counsel, and hereby sues the Defendant, PRATT & WHITNEY, a Division of United Technologies Corporation, a Foreign Corporation (hereinafter "Pratt & Whitney"), and alleges as follows:

### Introduction

  1. Decedent, JOHNNY BROWN, is a former employee of Pratt & Whitney, and brings this action under Chapter 768 of the Florida Statutes.

  2. Decedent, JOHNNY BROWN, was employed by Pratt & Whitney as a machinist and mechanic for approximately thirty-five years prior to his passing, which was due to brain cancer.

### Jurisdiction and Venue

  3. This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00)



excluding interest and costs.

4.    Plaintiff, THERESA BROWN, is the Personal Representative of the Estate of JOHNNY BROWN and decedent's wife. The Letters of Administration are attached hereto as Plaintiffs Exhibit "A".

5.    Defendant, UNITED TECHNOLOGIES CORPORATION, d/b/a PRATT & WHITNEY, (hereinafter referred to as "PRATT & WHITNEY" or "Defendant") is a Delaware corporation with a principal place of business and address of 1 Financial Plaza, Hartford, CT 06101. At all times material hereto, Defendant owned and operated a manufacturing facility on property within Palm Beach County, Florida, approximately 18 miles west of Jupiter and 15 miles northwest of Palm Beach. Said property is located close to the northern edge of The Acreage. Beginning in the late 1950's and continuing through the present time, Defendant has operated manufacturing divisions at said property, including those known as the Pratt and Whitney Government Engine Business Division, the Pratt & Whitney Aircraft Florida Research and Development Center, and Pratt & Whitney Rocketdyne.

6.    This action is brought for the wrongful death of JOHNNY BROWN, by and through THERESA BROWN, the Personal Representative of the Estate:

        a. on behalf of the Estate of JOHNNY BROWN, deceased

7.    Palm Beach County, Florida is the proper venue for this action.

### GENERAL ALLEGATIONS

8.    At all times material here to, PRATT & WHITNEY's business operations at its Palm Beach County facility have included, among other pursuits, design, manufacture and test of aviation and rocket engines including J58 and 304.

2

9. Some of the engines developed, manufactured and/or tested at the subject property were powered by liquid hydrogen.

10. As part of the design, development and test of aerospace propulsion systems, the Defendant operated engine test stands throughout the subject property. Polychlorinated biphenyls ("PCB's") were used as dielectric hydrothermal heat exchangers at the test stands. PCB's are known to cause cancer.

11. PRATT & WHITNEY'S operations at the subject property have also produced acidic and alkaline rinse wastewater and hazardous wastes. Defendant's waste generated at the property have in some instances been collected in percolation ponds, buried, stored, and incinerated sites on Defendant's property. The waste includes oil, sodium cyanide, thorium-dispersed nickel, construction debris, unknown solid waste, solvents, solvent sludges, asbestos, fuels, paints, pesticide and herbicide residue, benzonitire, mercury, and commercial and laboratory chemicals.

12. One of the contaminants on the Defendant's property is 1,4-dioxane, which the US Department of Health and Human Services considers as reasonably anticipated to be a human carcinogen.

13. There have been several toxic leaks and spills on Defendant's property, and as of November 2008, the Florida Department of Environmental Protection suspected that 24 contaminants were still on the Defendants property.

14. The deceased was employed by the Defendants for thirty-five years at the Defendant's Palm Beach County location.

15. The deceased worked during his employment throughout the Defendant's Palm Beach County facility and worked as both a machinist and mechanic.

3

16.     During the decedent's employment within the Defendant's facility, he was exposed to several toxic substances

17.     In 2006, an otherwise healthy man, the Decedent developed Adenocarcinoma, a form of brain cancer, and ultimately passed away from said cancer on March 25th, 2009.

## COUNT I - NEGLIGENCE

18.     Plaintiff realleges and incorporates paragraphs 1 through 17 above.

19.     The Defendant, PRATT & WHITNEY, as the employer of the decedent, owed a duty to the decedent to warn him of the toxic and deadly nature of the many substances he was exposed to in the course of his employment, and further had a duty to provide the proper measures and protections so that the decedent was protected from said exposures.

20.     The Defendant, PRATT & WHITNEY, as the employer of the decedent, breached the above duty by failing to warn him of the toxic and deadly nature of the many substances he was exposed to in the course of his employment, and further breach the above duties by failing to provide the proper measures and protections so as to ensure the decedent was protected from said exposures.

21.     JOHNNY BROWN's injuries were proximately caused by and through the negligence of the Defendant, PRATT & WHITNEY in that PRATT & WHITNEY negligently and carelessly failed to timely warn the Plaintiff of the toxic and deadly nature of the many substances the decedent was exposed to in the course of his duties as an employee so that Defendants negligence more likely than not caused brain cancer to the Plaintiff.

22.     As a direct and proximate result of the aforementioned acts of negligence on the part of the Defendant, PRATT & WHITNEY, JOHNNY BROWN died, causing the damages more fully described in the Damages Count II incorporated herein.

4

WHEREFORE, Plaintiff, THERESA BROWN, as the Personal Representative of the Estate, demands judgment against Defendant, PRATT & WHITNEY, for damages more fully described in Count II, including, but not limited to, compensatory damages, funeral expenses, medical expenses, loss of support, loss of services, loss of companionship, loss of protection, loss of instruction, loss of guidance, mental pain and suffering, loss of earnings, and loss of net accumulation incurred as a result of the death of JOHNNY BROWN, court costs, and such other relief as the Court deems appropriate.

## COUNT II DAMAGES

Plaintiff, THERESA BROWN, realleges and readopts paragraphs one 1 through 17 as if fully set herein and further states:

23.    As a direct and proximate result of the negligent acts of the Defendants herein causing the wrongful death of the decedent, THERESA BROWN has suffered and will suffer in the future, damages including, but not limited to:

a. loss of future support;

b. loss of future services;

d. mental pain and suffering;

e. loss of society, love, and affection, comfort, and solace of JOHNNY BROWN, deceased;

f. all other damages allowed by Fla. Stat. § 768.16 et seq.

24.    As a further direct and approximate result of the negligence of the Defendant, the Estate of JOHNNY BROWN, lost and will suffer the loss of earnings of the decedent, loss of net accumulation, medical and funeral expenses, and all other damages allowed by Fla. Stat. §768.16 et seq.

WHEREFORE, Plaintiff, THERESA BROWN, as the Personal Representative of the Estate of JOHNNY BROWN, demands judgment for damages against the Defendants as identified herein, and such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, THERESA BROWN, as the Personal Representative of the Estate of JOHNNY BROWN, deceased, demands trail by jury on all issues so triable.

Dated this 18th day of March, 2011.

SCHULER, HALVORSON, & WEISSER, P.A.
Attorneys for Plaintiff
Barristers Building, Fourth Floor
1615 Forum Place
West Palm Beach, FL 33401
(561) 689-8180

By: _____
RICHARD D. SCHULER
FBN: 158226

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: 502011CA004157XXXXMBAF

THERESA BROWN, as
Personal Representative of the
Estate of JOHNNY BROWN, Deceased,

    Plaintiff,

v.

PRATT & WHITNEY, a Division of
United Technologies Corporation, a
Foreign Corporation, and RANDEE
VANVLEET,

    Defendants.

_____/

COPY
RECEIVED FOR FILING

JUN 3 0 2011

SHARON R. BOCK
CLERK & COMPTROLLER
CIRCUIT CIVIL DIVISION

## AMENDED COMPLAINT

    COMES NOW, the Plaintiff, THERESA BROWN, Personal Representative of the Estate of JOHNNY BROWN, Deceased, by and through her undersigned counsel, and hereby sues the Defendant, PRATT & WHITNEY, a Division of United Technologies Corporation, a Foreign Corporation (hereinafter "Pratt & Whitney"), and the Defendant, RANDEE VANVLEET, a natural person and resident of Palm Beach County, Florida, and alleges as follows:

### Introduction

    1.    Decedent, JOHNNY BROWN, is a former employee of Pratt & Whitney, and brings this action under Chapter 768 of the Florida Statutes.

    2.    Decedent, JOHNNY BROWN, was employed by Pratt & Whitney as a machinist and mechanic for approximately thirty-five years prior to his passing, which was due to brain cancer.

### Jurisdiction and Venue

3.      This is an action for damages that exceed Fifteen Thousand Dollars ($15,000.00) excluding interest and costs.

4.      Plaintiff, THERESA BROWN, is the Personal Representative of the Estate of JOHNNY BROWN and decedent's wife. The Letters of Administration are attached hereto as Plaintiffs Exhibit "A".

5.      Defendant, UNITED TECHNOLOGIES CORPORATION, d/b/a PRATT & WHITNEY, (hereinafter referred to as "PRATT & WHITNEY" or "Defendant") is a Delaware corporation with a principal place of business and address of 1 Financial Plaza, Hartford, CT 06101. At all times material hereto, Defendant owned and operated a manufacturing facility on property within Palm Beach County, Florida, approximately 18 miles west of Jupiter and 15 miles northwest of Palm Beach. Said property is located close to the northern edge of The Acreage. Beginning in the late 1950's and continuing through the present time, Defendant has operated manufacturing divisions at said property, including those known as the Pratt and Whitney Government Engine Business Division, the Pratt & Whitney Aircraft Florida Research and Development Center, and Pratt & Whitney Rocketdyne.

6.      Defendant, RANDEE VANVLEET, is a citizen and resident of the State of Florida and Palm Beach County. RANDEE VANVLEET is, and was during the relevant time period, a supervisory level employee for the Defendant, PRATT & WHITNEY. RANDEE VANVLEET was an employee supervisor in charge of the deceased, JOHNNY BROWN, and was involved in directing, supervising, controlling, and observing the work product of the deceased while the deceased was employed with the Defendant, PRATT & WHITNEY.

2

7.  This action is brought for the wrongful death of JOHNNY BROWN, by and through THERESA BROWN, the Personal Representative of the Estate:

      a. on behalf of the Estate of JOHNNY BROWN, deceased

8.  Palm Beach County, Florida is the proper venue for this action.

## GENERAL ALLEGATIONS

9.  At all times material here to, PRATT & WHITNEY's business operations at its Palm Beach County facility have included, among other pursuits, design, manufacture and test of aviation and rocket engines including J58 and 304.

10.  Some of the engines developed, manufactured and/or tested at the subject property were powered by liquid hydrogen.

11.  As part of the design, development and test of aerospace propulsion systems, the Defendant operated engine test stands throughout the subject property. Polychlorinated biphenyls ("PCB's") were used as dielectric hydrothermal heat exchangers at the test stands. PCB's are known to cause cancer.

12.  PRATT & WHITNEY'S operations at the subject property have also produced acidic and alkaline rinse wastewater and hazardous wastes. Defendant's waste generated at the property have, in some instances, been collected in percolation ponds, buried, stored, and incinerated sites on Defendant's property. The waste includes oil, sodium cyanide, thorium-dispersed nickel, construction debris, unknown solid waste, solvents, solvent sludges, asbestos, fuels, paints, pesticide and herbicide residue, benzonitire, mercury, and commercial and laboratory chemicals.

3

13.    One of the contaminants on the Defendant's property is 1,4-dioxane, which the US Department of Health and Human Services considers as reasonably anticipated to be a human carcinogen.

14.    There have been several toxic leaks and spills on Defendant's property, and as of November 2008, the Florida Department of Environmental Protection suspected that 24 contaminants were still on the Defendants property.

15.    The deceased was employed by the Defendants for thirty-five years at the Defendant's Palm Beach County location.

16.    The deceased worked during his employment throughout the Defendant's Palm Beach County facility and worked as both a machinist and mechanic.

17.    The Defendant, RANDEE VANVLEET, was a supervisory employee for the Defendant, PRATT & WHITNEY, and was responsible for supervising the deceased and directing, controlling and assigning his work responsibilities and duties.

18.    During the decedent's employment within the Defendant's facility, he was exposed to several toxic substances

19.    In 2006, an otherwise healthy man, the Decedent developed Adenocarcinoma, a form of brain cancer, and ultimately passed away from said cancer on March 25th, 2009.

## COUNT I – NEGLIGENCE OF PRATT & WHITNEY

20.    Plaintiff realleges and incorporates paragraphs 1 through 19 above.

21.    The Defendant, PRATT & WHITNEY, as the employer of the decedent, owed a duty to the decedent to warn him of the toxic and deadly nature of the many substances he was exposed to in the course of his employment, and further had a duty to provide the proper measures and protections so that the decedent was protected from said exposures.

4

22. The Defendant, PRATT & WHITNEY, as the employer of the decedent, breached the above duty by failing to warn him of the toxic and deadly nature of the many substances he was exposed to in the course of his employment, and further breached the above duties by failing to provide the proper measures and protections so as to ensure the decedent was protected from said exposures.

23. JOHNNY BROWN's injuries were proximately caused by and through the negligence of the Defendant, PRATT & WHITNEY in that PRATT & WHITNEY negligently and carelessly failed to timely warn the Plaintiff of the toxic and deadly nature of the many substances the decedent was exposed to in the course of his duties as an employee so that Defendants negligence more likely than not caused brain cancer to the Plaintiff.

24. As a direct and proximate result of the aforementioned acts of negligence on the part of the Defendant, PRATT & WHITNEY, JOHNNY BROWN died, causing the damages more fully described in the Damages Count III incorporated herein.

WHEREFORE, Plaintiff, THERESA BROWN, as the Personal Representative of the Estate, demands judgment against Defendant, PRATT & WHITNEY, for damages more fully described in Count III, including, but not limited to, compensatory damages, funeral expenses, medical expenses, loss of support, loss of services, loss of companionship, loss of protection, loss of instruction, loss of guidance, mental pain and suffering, loss of earnings, and loss of net accumulation incurred as a result of the death of JOHNNY BROWN, court costs, and such other relief as the Court deems appropriate.

## COUNT II – NEGLIGENCE OF RANDEE VANVLEET

25. Plaintiff realleges and incorporates paragraphs 1 through 24 above.

5

26.     The Defendant, RANDEE VANVLEET, as the supervisory agent of Defendant PRATT & WHITNEY and over the decedent, owed a duty to the decedent to warn him of the toxic and deadly nature of the many substances he was exposed to in the course of his employment, and further had a duty to provide the proper measures and protections so that the decedent was protected from said exposures.

27.     The Defendant, RANDEE VANVLEET, as the supervisor of the decedent, breached the above duty by failing to warn him of the toxic and deadly nature of the many substances he was exposed to in the course of his employment, and further breached the above duties by failing to provide the proper measures and protections so as to ensure the decedent was protected from said exposures.

28.     JOHNNY BROWN's injuries were proximately caused by and through the negligence of the Defendant, RANDEE VANVLEET in that RANDEE VANVLEET, negligently and carelessly failed to timely warn the Plaintiff of the toxic and deadly nature of the many substances the decedent was exposed to in the course of his duties as an employee so that Defendants negligence more likely than not caused brain cancer to the Plaintiff.

29.     As a direct and proximate result of the aforementioned acts of negligence on the part of the Defendant, RANDEE VANVLEET, JOHNNY BROWN died, causing the damages more fully described in the Damages Count III incorporated herein.

WHEREFORE, Plaintiff, THERESA BROWN, as the Personal Representative of the Estate, demands judgment against Defendant, RANDEE VANVLEET, for damages more fully described in Count III, including, but not limited to, compensatory damages, funeral expenses, medical expenses, loss of support, loss of services, loss of companionship, loss of protection, loss of instruction, loss of guidance, mental pain and suffering, loss of earnings, and loss of net

accumulation incurred as a result of the death of JOHNNY BROWN, court costs, and such other relief as the Court deems appropriate.

### COUNT III DAMAGES

Plaintiff, THERESA BROWN, realleges and readopts paragraphs one 1 through 29 as if fully set herein and further states:

30.     As a direct and proximate result of the negligent acts of the Defendants herein causing the wrongful death of the decedent, THERESA BROWN has suffered and will suffer in the future, damages including, but not limited to:

a. loss of future support;

b. loss of future services;

d. mental pain and suffering;

e. loss of society, love, and affection, comfort, and solace of JOHNNY BROWN, deceased;

f. all other damages allowed by Fla. Stat. § 768.16 et seq.

31.     As a further direct and approximate result of the negligence of the Defendant, the Estate of JOHNNY BROWN, lost and will suffer the loss of earnings of the decedent, loss of net accumulation, medical and funeral expenses, and all other damages allowed by Fla. Stat. §768.16 et seq.

WHEREFORE, Plaintiff, THERESA BROWN, as the Personal Representative of the Estate of JOHNNY BROWN, demands judgment for damages against the Defendants as identified herein, and such other relief as the Court deems appropriate.

7

## DEMAND FOR JURY TRIAL

Plaintiff, THERESA BROWN, as the Personal Representative of the Estate of JOHNNY

BROWN, deceased, demands trial by jury on all issues so triable.

Dated this ____ day of June, 2011.

SCHULER, HALVORSON, & WEISSER, P.A.
Attorneys for Plaintiff
Barristers Building, Fourth Floor
1615 Forum Place
West Palm Beach, FL 33401
(561) 689-8180

By: _____ FBN 84388.
s/ RICHARD D. SCHULER
FBN: 158226

8

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: 502011CA004157XXXXMBAF

THERESA BROWN, as
Personal Representative of the
Estate of JOHNNY BROWN, Deceased,

     Plaintiff,

v.

PRATT & WHITNEY, a Division of
United Technologies Corporation, a
Foreign Corporation, and RANDEE
VANVLEET,

     Defendants.

_____/

## PLAINTIFF'S NOTICE OF FILING LETTERS OF ADMINISTRATION

COMES NOW the Plaintiff, THERESA BROWN, as Personal Representative of the Estate

of JOHNNY BROWN, Deceased, by and through her undersigned counsel, and hereby files the

Letters of Administration that were inadvertently left out of the Amehded Complaint.

Dated this 9ᵗʰ day of July, 2011.

               SCHULER, HALVORSON,
               WEISSER & ZOELLER, P.A.
               Attorneys for Plaintiff
               Barristers Building, Fourth Floor
               1615 Forum Place
               West Palm Beach, FL  33401
               (561) 689-8180

               By:_____  0931322
                   DAVID M. KERNER, ESQ.
                   FBN: 84388

IN THE CIRCUIT COURT FOR PALM BEACH COUNTY,
FLORIDA

IN RE: ESTATE OF         **PROBATE DIVISION**

JOHNNY L BROWN       File No.:
                    **502009CP002474XXXXNB**

      Deceased.



## LETTERS OF ADMINISTRATION
### (single personal representative)

TO ALL WHOM IT MAY CONCERN

    WHEREAS, Johnny L. Brown, a resident of Palm Beach County, Florida, died on March 25, 2009, owning assets in the State of Florida, and

    WHEREAS, Theresa S. Brown has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

    NOW, THEREFORE, I, the undersigned circuit judge, declare Theresa S. Brown duly qualified under the laws of the State of Florida to act as personal representative of the estate of Johnny L. Brown, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

    ORDERED this _____ day of _____, 2011.

                                        _____
                                           Circuit Judge

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy as recorded in my office and
the same is in full force and effect.
THIS __ DAY OF _July__ , 20_11_
SHARON R. BOCK
CLERK & COMPTROLLER
By _____
DEPUTY CLERK

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: 502011CA004157XXXXMBAF

THERESA BROWN, as
Personal Representative of the
Estate of JOHNNY BROWN, Deceased,

     Plaintiff,

v.

PRATT & WHITNEY, a Division of
United Technologies Corporation, a
Foreign Corporation, and RANDEE
VANVLEET,

     Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

TO DEFENDANT:     PRATT & WHITNEY, a Division of United Technologies
     Corporation, a Foreign Corporation
By Serving:     C.T. Corporation System, as Registered Agent .
     1200 South Pine Island Road
     Plantation, FL 33324

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint/Petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

RICHARD D. SCHULER, ESQUIRE
SCHULER, HALVORSON & WEISSER, P.A.
Attorneys for Plaintiffs
1615 Forum Place, Suite 4-D
West Palm Beach, FL 33401
(561) 689-8180

THE STATE OF FLORIDA

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the complaint/petition in this lawsuit on the above-named Defendant(s).

Each defendant is required to serve written defenses to the complaint or petition on

      RICHARD D. SCHULER, ESQUIRE
      SCHULER, HALVORSON & WEISSER, P.A.

Plaintiffs' attorney, whose address is:

      Barristers Building, Suite 4D
      1615 Forum Place
      West Palm Beach, FL 33401
      (561) 689-8180

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

DATED on ~~JUL 2 0 2011~~ 2011.

SHARON R. BOCK
Clerk & Comptroller

As Clerk of the Court

(Seal)

SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

NIKECIA ARMSTRONG

By_____
      As Deputy Clerk

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le triunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: 502011CA004157XXXXMBAF

THERESA BROWN, as
Personal Representative of the
Estate of JOHNNY BROWN, Deceased,

     Plaintiff,

v.

PRATT & WHITNEY, a Division of
United Technologies Corporation, a
Foreign Corporation, and RANDEE
VANVLEET,

     Defendants.

_____/

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff of the State:

TO DEFENDANT:     RANDY VANVLEET
                    4644 Suburban Pines Dr.
                    Lake Worth, FL 33463

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached Complaint/Petition with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the Court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the Court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

*FILED*

*SHARON R. BOCK, CLERK*
*PALM BEACH COUNTY*
*CIRCUIT CIVIL*

*2011 JUN 30 PM 4:36*

RICHARD D. SCHULER, ESQUIRE
SCHULER, HALVORSON & WEISSER, P.A.
Attorneys for Plaintiffs
1615 Forum Place, Suite 4-D
West Palm Beach, FL 33401
(561) 689-8180

THE STATE OF FLORIDA

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the complaint/petition in this lawsuit on the above-named Defendant(s).

Each defendant is required to serve written defenses to the complaint or petition on

RICHARD D. SCHULER, ESQUIRE
SCHULER, HALVORSON & WEISSER, P.A.

Plaintiffs' attorney, whose address is:

Barristers Building, Suite 4D
1615 Forum Place
West Palm Beach, FL 33401
(561) 689-8180

within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

DATED on **JUN 30 2011**, 2011.



(Seal)   SHARON R. BOCK
Clerk & Comptroller
P.O. Box 4667
West Palm Beach, Florida
33402-4667

SHARON R. BOCK
Clerk & Comptroller

Clerk of the Court

By
As Deputy Clerk

NIKECIA ARMSTRONG

## IMPORTANTE

Usted ha sido demandado legalmente.   Tiene 20 Dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal.   Una llamada telefonica no lo protegera.   Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas.   Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado inmediatamente. Si no concoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger.  Vous etes oblige de deposer votre response ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le triunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: 502011CA004157XXXXMBAF

THERESA BROWN, as
Personal Representative of the
Estate of JOHNNY BROWN, Deceased,

     Plaintiff,

v.

PRATT & WHITNEY, a Division of
United Technologies Corporation, a
Foreign Corporation, and RANDEE
VANVLEET,

     Defendants.

_____/

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME
## FOR SERVICE OF PROCESS

COMES NOW, the Plaintiff, THERESA BROWN, as Personal Representative of the

Estate of Johnny Brown, by and through her undersigned counsel, and hereby moves this

Honorable Court, pursuant to Florida Rule of Civil Procedure 1.070 and Florida Statute Section

48 for an extension of time to serve the Defendants, PRATT & WHITNEY, a Division of United

Technologies Corporation, A Foreign Corporation and RANDEE VANVLEET, and as grounds

therefore states as follows:

1.    On March 18, 2011, the Plaintiff filed her original Complaint.

2.    On June 30, 2011, Plaintiff amended her Complaint to add Defendant, RANDEE

VANVLEET.

3.     On July 1, 2011, Plaintiff's counsel became aware that the Letters of Administration were inadvertently left out of the Amended Complaint.

4.     Plaintiff is in the process of opening the Estate of Johnny Brown.

5.     The deadline to serve the Defendants is July 18, 2011.

6.     If a Plaintiff shows good cause of excusable neglect for failure to make timely service, the Court must extend the time for service and has no discretion to do otherwise. See Chaffin v. Jacobson, 793 So. 2d 102 (Fla. 2nd DCA 2001).

7.     Plaintiff is hereby requesting a 90-day extension to open the Estate and serve both Defendants.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court grant a 90-day extension for the Plaintiff to serve the Defendants, PRATT & WHITNEY, a Division of United Technologies Corporation, A Foreign Corporation and RANDEE VANVLEET, for the reasons listed above.

Dated this 1st day of July, 2011.

SCHULER, HALVORSON,
WEISSER & ZOELLER, P.A.
Attorneys for Plaintiffs
1615 Forum Place, Suite 4-D
Barristers Building
West Palm Beach, FL 33401
(561) 689-8180

By_____
DAVID M. KERNER, ESQ.
Florida Bar No.: 84388

2

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: 502011CA004157XXXXMBAF

THERESA BROWN, as
Personal Representative of the
Estate of JOHNNY BROWN, Deceased,

     Plaintiff,

v.

PRATT & WHITNEY, a Division of
United Technologies Corporation, a
Foreign Corporation, and RANDEE
VANVLEET,

     Defendants.

_____/

## NOTICE OF HEARING

TO:    ALL COUNSEL OF RECORD

    YOU ARE HEREBY NOTIFIED that the undersigned has called up for hearing the
following:

DATE:     Thursday, July 7, 2011

TIME:     8:45 a.m.

JUDGE:    Honorable Janis Keyser

PLACE:    Palm Beach County Courthouse, 205 N. Dixie Highway
           West Palm Beach, FL 33401, Courtroom 10B

SPECIFIC MATTERS TO BE HEARD:  Plaintiff's Motion for Extension of Time For Service of
Process.

    Pursuant to Administrative Order, Local Rule #4, I certify that a good faith attempt has

been made to reconcile the differences in this regard.

FILED
2011 JUL -5 PM 4:11
SHARON R. BOCK, CLERK
PALM BEACH COUNTY, FL
CIRCUIT CIVIL 3

Dated this _1st_ day of July, 2011.

SCHULER, HALVORSON,
WEISSER & ZOELLER, P.A.
Attorneys for Plaintiffs
1615 Forum Place, Suite 4-D
Barristers Building
West Palm Beach, FL 33401
(561) 689-8180

By _____
DAVID M. KERNER, ESQ.
Florida Bar No.: 84388

cc:    Honorable Janis Keyser

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: 502011CA004157XXXXMBAF

THERESA BROWN, as
Personal Representative of the
Estate of JOHNNY BROWN, Deceased,

      Plaintiff,

v.

PRATT & WHITNEY, a Division of
United Technologies Corporation, a
Foreign Corporation, and RANDEE
VANVLEET,

      Defendants.

                        /

## ORDER ON PLAINTIFF'S MOTION FOR EXTENSION OF TIME FOR SERVICE OF PROCESS

THIS CAUSE came on to be heard upon Plaintiff's Motion for Extension of Time for

Service of Process on Defendants, PRATT & WHITNEY, a Division of United Technologies

Corporation, A Foreign Corporation and RANDEE VANVLEET, and the Court being fully

advised in the premises, it is

ORDERED AND ADJUDGED that said Motion is hereby _granted. Plaintiff_
_shall have an additional ninety (90) days within which_
_to serve process on Defendants Pratt + Whitney_
_and Randee Vanvleet._

DONE AND ORDERED at West Palm Beach, Palm Beach County, Florida, this _7_ day

of July, 2011.

_Jenn Brunster Keyser_
CIRCUIT COURT JUDGE

Copies furnished:
DAVID M. KERNER, ESQ., 1615 Forum Place, Suite 4-D, West Palm Beach, FL 33401

IN THE CIRCUIT COURT OF THE FIFTEENTH
JUDICAL CIRCUIT IN AND FOR PALM
BEACH COUNTY, FLORIDA

CASE NO.: 502011CA004157XXXXMBAF

THERESA BROWN, as
Personal Representative of the
Estate of JOHNNY BROWN, Deceased,

    Plaintiff,

v.

PRATT & WHITNEY, a Division of
United Technologies Corporation, a
Foreign Corporation, and RANDEE
VANVLEET,

    Defendants.

_____/



## PLAINTIFF'S NOTICE OF FILING LETTERS OF ADMINISTRATION

    COMES NOW the Plaintiff, THERESA BROWN, as Personal Representative of the Estate

of JOHNNY BROWN, Deceased, by and through her undersigned counsel, and hereby files the

Letters of Administration that were inadvertently left out of the Amended Complaint.

    Dated this 7th day of July, 2011.

                SCHULER, HALVORSON,
                WEISSER & ZOELLER, P.A.
                Attorneys for Plaintiff
                Barristers Building, Fourth Floor
                1615 Forum Place
                West Palm Beach, FL  33401
                (561) 689-8180

                By: _____  0931322
                DAVID M. KERNER, ESQ.
                FBN: 84388

**IN THE CIRCUIT COURT FOR PALM BEACH COUNTY, FLORIDA**

IN RE: ESTATE OF

PROBATE DIVISION

JOHNNY L BROWN

File No.:
502009CP002474XXXXNB

Deceased.

FILED
2011 JUL -7 AM 9:30
SHARON R. BOCK, CLERK
PALM BEACH COUNTY, FL
NORTH COUNTY BRANCH

## LETTERS OF ADMINISTRATION
### (single personal representative)

TO ALL WHOM IT MAY CONCERN

WHEREAS, Johnny L. Brown, a resident of Palm Beach County, Florida, died on March 25, 2009, owning assets in the State of Florida, and

WHEREAS, Theresa S. Brown has been appointed personal representative of the estate of the decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

NOW, THEREFORE, I, the undersigned circuit judge, declare Theresa S. Brown duly qualified under the laws of the State of Florida to act as personal representative of the estate of Johnny L. Brown, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of the decedent; to pay the debts of the decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

ORDERED this _____ day of _____, 2011.

_____
Circuit Judge

STATE OF FLORIDA • PALM BEACH COUNTY
I hereby certify that the foregoing is a
true copy as recorded in my office and
the same is in full force and effect.
THIS 7 DAY OF July, 2011
SHARON R. BOCK
CLERK & COMPTROLLER
By _____
DEPUTY CLERK

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

Case No.:502011CA004157XXXXMBAF

THERESA BROWN, as Personal
Representative of the Estate of
JOHNNY BROWN, Deceased,

      Plaintiff,

v.

PRATT & WHITNEY, a Division of
United Technologies Corporation, a
Foreign Corporation, and RANDEE
VANVLEET,

      Defendants.

_____/

## UNOPPOSED MOTION FOR EXTENSION OF TIME
## TO RESPOND TO AMENDED COMPLAINT

Defendants, Pratt & Whitney, a Division of United Technologies Corporation ("Pratt &
Whitney"), and Randee VanVleet, hereby file this Unopposed Motion for Extension of Time to
Respond to Plaintiff's Amended Complaint, and state:

1.    Defendants Pratt & Whitney and Randee VanVleet were served with the
Amended Complaint in this action on July 8, 2011.

2.    Defendants' counsel needs additional time to investigate the allegations of the
Amended Complaint and prepare the most appropriate response.

3.    Defendants request an extension of 30 days to respond to the Amended
Complaint, through Friday, August 26, 2011.

4.    Counsel for Defendants has conferred with counsel for Plaintiff who does not
oppose the requested extension.

WHEREFORE, Defendants, Pratt & Whitney, a Division of United Technologies Corporation, and Randee VanVleet respectfully request that the Court grant an extension of time to respond to Plaintiff's Amended Complaint in the form of the Order attached hereto as Exhibit "A," and grant such other and further relief as the Court deems just and appropriate.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail upon David M. Kerner, Esq. and Richard D. Schuler, Esq., Schuler, Halvorson, & Weisser, P.A., Barristers Building, Fourth Floor, 1615 Forum Place, West Palm Beach, FL 33401 this 22nd day of July 2011.

Gunster, Yoakley & Stewart, P.A.
Phillips Point - Suite 500 East
777 South Flagler Drive
West Palm Beach, FL 33401-6194
Telephone:    (561) 655-1980
Facsimile:    (561) 655-5677
Attorneys for Defendants

By: _____
Gregor J. Schwinghammer, Jr.
Florida Bar No. 090158
Elizabeth D. Gaukroger
Florida Bar No. 0015983

IN THE CIRCUIT COURT OF THE
FIFTEENTH JUDICIAL CIRCUIT IN AND
FOR PALM BEACH COUNTY, FLORIDA

Case No.: 502011CA004157XXXXMBAF

THERESA BROWN, as Personal
Representative of the Estate of
JOHNNY BROWN, deceased,

     Plaintiff,

v.

PRATT & WHITNEY, a Division of
United Technologies Corporation, a
Foreign Corporation, and RANDEE
VANVLEET,

     Defendants.
_____/

## ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO AMENDED COMPLAINT

THIS CAUSE having come before the Court upon Defendants, Pratt & Whitney, a Division of United Technologies Corporation, and Randee VanVleet's, Unopposed Motion for Extension to Respond to Plaintiff's Amended Complaint, the Court having reviewed the Motion, noting that the Motion is unopposed, and being fully informed in the premises, it is:

ORDERED AND ADJUDGED that:

1.    Defendants' Unopposed Motion for Extension of Time to Respond to Plaintiff's Amended Complaint is hereby GRANTED.

2.    Defendant shall have until August 26, 2011 to respond to Plaintiff's Amended Complaint.



EXHIBIT
"A"

WPB_ACTIVE 4794144.1

DONE AND ORDERED in Chambers, West Palm Beach, Palm Beach County, Florida

this _____ day of _____, 2011.

_____
JANIS KEYSER
Circuit Judge

*Copies furnished to:*

*David M. Kerner, Esq. and Richard D. Schuler, Esq., Schuler, Halvorson, & Weisser, P.A., Barristers Building, Fourth Floor, 1615 Forum Place, West Palm Beach, FL 33401, Attorneys for Plaintiff*

*Gregor J. Schwinghammer, Jr, Esq. and Elizabeth Gaukroger, Esq., Gunster, Yoakley & Stewart, P.A., 777 South Flagler Drive 500E, West Palm Beach, Florida 33401, Attorneys for Defendants*